UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In Re: )
)
)    Appeal No. 04-11050-RCL
ANDREW J. KEHOE and )
CATHERINE M. KEHOE, )    Bankr. Case No. 96-10559-WCH
)
Debtors )
)
)

MOTION OF THE APPELLEE,
GARY W. CRUICKSHANK, CHAPTER 7 TRUSTEE,
FOR AN ORDER DISMISSING THE APPEAL OF
THE APPELLANTS, ANDREW J. KEHOE AND CATHERINE M. KEHOE

Acting pursuant to and in accordance with the provisions of Rule 8011 of the

Federal Rules of Bankruptcy Procedure, the appellee, Gary W. Cruickshank, the duly

qualified and acting Chapter 7 trustee (the "Trustee") of the estate of the appellants,

Andrew J. Kehoe and Catherine M. Kehoe (the "Debtors") hereby respectfully requests

that the Court enter an order dismissing the Debtors' appeal of the Bankruptcy Court's

Order Establishing Bar Date For Filing Claims By The Debtors And The Kehoe Children

Against The Chapter 7 Trustee And His Representatives (the "Order Establishing Bar

Date") on the grounds that the Debtors failed to timely file their Notice of Appeal which

deprives this Court of jurisdiction to hear the within appeal.

FACTUAL AND PROCEDURAL BACKGROUND

1.      On January 25, 1996, the Debtors filed a joint voluntary petition under

Chapter 11 of the Bankruptcy Code (11 U.S.C. §§101 et seq.) (the "Code").  On

September 23, 1997, the Debtors' Chapter 11 proceeding was converted to a case under Chapter 7 of the Code.

2.    Following the conversion of the Debtor's Chapter 11 proceeding, the United States Trustee appointed Stephen S. Gray as interim Chapter 7 trustee of the Debtor's estate.  On October 27, 1997, at the first meeting of creditors, Joseph I. Schindler was duly elected as the Chapter 7 trustee of the Debtors.  On May 5, 1999, Mr. Schindler died, and on the same date, the Trustee was appointed by the United States Trustee.

3.    On December 19, 2003, the Trustee filed the Chapter 7 Trustee's Motion To Establish Bar Date For The Filing Of Claims By The Debtors And The Kehoe Children Against The Trustee And His Representatives (the "Motion To Establish Bar Date").  In the Motion To Establish Bar Date, the Trustee requested the entry of an order establishing a bar date for the filing of any currently existing claims against the Trustee, the former Chapter 7 trustee, or any of Trustee's Bankruptcy Court appointed representatives, including the Trustee's counsel, accountant and real estate broker held by the Debtors or by their adult children, Andrew J. Kehoe, Jr. and Jennifer Kehoe (the "Kehoe Children").  The Motion To Establish Bar Date and notice of hearing thereon were duly served on the Debtors, the Kehoe Children, and their respective counsel of record.

4.    On February 10, 2004, the Debtors' filed their opposition to the Motion To Establish Bar Date in a pleading entitled, "Debtors' Oppositional Memorandum To Chapter 7 Trustee's Motion To Establish Claims By The Debtors And The Kehoe Children Against The Trustee And His Representatives" (the "Debtors' Opposition").

The Debtors' Opposition was prepared and filed by Attorney Roland Orlandi, acting as counsel to the Debtors. No other objections were filed to the Trustee's Motion To Establish Bar Date.

5.      On February 10, 2004, the Bankruptcy Court entered the Order Establishing Bar Date, which Order was entered on the docket on the same date.

6.      On March 11, 2004, the Debtors filed their Notice of Appeal of the Order Establishing Bar Date with the Bankruptcy Appellate Panel for the First Circuit (the "Bankruptcy Appellate Panel"). The Notice of Appeal was filed pro se by the Debtors.

7.      On March 15, 2004, the Trustee/Appellee filed his Election To Proceed To District Court wherein he elected to have the Debtors' appeal of the Order Establishing Bar Date heard by this Court. On March 18, 2004, the Bankruptcy Appellate Panel transferred the Debtors' appeal to this Court.

ARGUMENT

The Debtors Failed To Timely File Their Appeal
And Accordingly This Court Lacks Jurisdiction To
Review The Bankruptcy Court's Order Establishing Bar Date

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, which establishes the time limits for the filing of a notice of appeal, provides, in relevant part, as follows:

> The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order or decree appealed from.

Compliance with the ten-day requirement in which to file a notice of appeal is both "mandatory and jurisdictional". In re Abdallah, 778 F.2d 75, 77 (1st Cir. 1985), cert.

3

denied, 476 U.S. 1116, 90 L. Ed. 2d 657, 106 S. Ct. 1973 (1986). Accordingly, the untimely filing of a notice of appeal deprives the district court of jurisdiction to review a bankruptcy court order. Id.

In this instance, it is undisputed that the Bankruptcy Court's Order Establishing Bar Date was entered on February 10, 2004. Therefore, in order to have been timely filed, any notice of appeal of that order would have had to have been filed on or before February 20, 2004. It is also undisputed (as well as reflected on the date-stamped copy of the Debtor's Notice of Appeal), that the Debtors filed their Notice of Appeal on March 11, 2004. Therefore, the Debtors' Notice of Appeal was filed thirty days after the entry of the Order Establishing Bar Date and twenty days after the ten-day period for filing a notice of appeal under Rule 8002(a) had expired.[1] Accordingly, the Debtors' appeal of the Order Establishing Bar Date must be dismissed as this Court lacks jurisdiction to review that Order of the Bankruptcy Court. In re Abadallah, supra at 77.

As noted above, while the Debtors were represented by counsel in opposing the Trustee's Motion To Establish Bar Date before the Bankruptcy Court, they did file their Notice of Appeal pro se. However, the fact that an appellant is acting pro se does not exempt compliance from Rule 8002(a)'s ten-day appeal period limitation nor prevent the dismissal of such appeal for failure to comply with that rule. See, e.g., Walkup v. Carpenter, 1994 App. LEXIS 1314 (1st Cir. Mass. 1994) (where the appeal of a pro se appellant was dismissed as untimely when the appeal was filed twenty-three days after

---

[1] Moreover, it should be noted that the Debtors did not file any motion seeking to extend the time for filing a notice of appeal under Rule 8002(c) of the Federal Rules of Bankruptcy Procedure, either before or after the time for filing the appeal had expired, and the deadline for the filing of such motion to extend time has long expired.

the ten-day appeal period had expired); <u>Lavoie v. Town of North Attleboro, et al.</u>, 1992 U.S. App. LEXIS 29522 (1st Cir. Mass. 1992).[2]

Furthermore, it should be noted that the Debtors are not inexperienced litigants and have been involved in numerous appeals.  In fact, prior to the within appeal, the Debtors have been involved in fourteen appeals before this Court in connection with their underlying bankruptcy proceeding.  In at least several of these appeals, the Debtors have acted pro se.

For example, in the Debtors' most recent appeal prior to the instant one, acting as pro se litigants, the Debtors filed an appeal with this Court seeking a review of the Bankruptcy Court's Order allowing the Fifth Interim Fee Application Of Klieman, Lyons, Schindler & Gross For Compensation And Reimbursement Of Expenses As Counsel To The Chapter 7 Trustee, Appeal No. 03-10706-RCL.  In that appeal, the Trustee filed a motion to dismiss the Debtors' appeal (the "Motion To Dismiss") on several grounds, including the fact that the Debtors' appeal had not been timely filed.  In the Motion To Dismiss, the Trustee specifically relied upon Rule 8002(a) of the Federal Rules of Bankruptcy Procedure and its explicit requirement that appeals from orders of the Bankruptcy Court be filed within ten days of the entry of such order.  The Debtors, acting pro se, on May 14, 2003, filed an opposition to the Motion To Dismiss in a pleading entitled, "Debtors/Appellants' Oppositional Memorandum To Motion Of Appellee/Trustee, Gary W. Cruickshank, For An Order Dismissing Appeal" (the

---

[2] The <u>Walkup</u> and the <u>Lavoie</u> cases are unpublished opinions of the United States Court of Appeals for the First Circuit, and a copy of each is attached hereto as Exhibit "A".

"Oppositional Memorandum").[3]  On January 16, 2004, this Court granted the Trustee's

Motion To Dismiss and dismissed the Debtors' appeal on January 20, 2004.[4]  It is quite

evident from their numerous appeals, as well as the Debtors' active participation

therein, that the Debtors have no reasonable basis to claim they lack knowledge of the

relevant time requirements for the filing of an appeal.

WHEREFORE, the Trustee respectfully requests that this Court enter an order

dismissing the Debtors' appeal on the grounds that the appeal was not timely filed and,

therefore, this Court lacks jurisdiction to review the Bankruptcy Court's Order

Establishing Bar Date.

GARY W. CRUICKSHANK
CHAPTER 7 TRUSTEE

By his attorney,

James C. Gross (BBO #212740)
KLIEMAN, LYONS, SCHINDLER & GROSS
21 Custom House Street
Boston, MA 02110
(617) 443-1000

Dated:  June 1, 2004

CERTIFICATE OF SERVICE
I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE
DOCUMENT WAS SERVED UPON THE ATTORNEY OF
RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON 6/1/04

---

[3] It should be noted that after the Debtors filed their notice of appeal, appellate brief, Oppositional
Memorandum, and several other pleadings pro se in that appeal, the Debtors did retain counsel, namely
Attorney Brian Kelly.  Subsequently, on January 12, 2004, Attorney Kelly filed a motion to withdraw as
Debtors' counsel in such appeal.

[4] The Debtors subsequently filed an appeal of this Court's January 20, 2004 order dismissing their appeal
with the United States Court of Appeals for the First Circuit, which appeal is currently pending before that
Court as Appeal No. 04-1279.