UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In Re:<br><br>ANDREW J. KEHOE AND<br>CATHERINE M. KEHOE,<br><br>Debtors | Appeal No. 04-11050-RCL<br><br>Bankr. Case No. 96-10559-WCH |

MOTION OF APPELLEE, GARY CRUICKSHANK, CHAPTER
CHAPTER 7 TRUSTEE, TO EXTEND TIME TO FILE BRIEF

Acting pursuant to and in accordance with the provisions of Rule 8011 of the Federal Rules of Bankruptcy Procedure, the appellee, Gary W. Cruickshank, the duly qualified and acting Chapter 7 trustee (the "Trustee") of the estate of the appellants, Andrew J. Kehoe and Catherine M. Kehoe (the "Debtors") hereby respectfully requests that this Court enter an order extending the time for the Trustee to file his appellate brief to a date at least twenty (20) days after this Court rules upon the Motion Of The Appellee, Gary W. Cruickshank, Chapter 7 Trustee, For An Order Dismissing the Appeal Of The Appellants, Andrew J. Kehoe And Catherine M. Kehoe (the "Motion To Dismiss") previously filed with this Court on June 1, 2004. In support hereof, the Trustee represents as follows:

1.    On January 25, 1996, the Debtors filed a joint voluntary petition under Chapter 11 of the Bankruptcy Code (11 U.S.C. §§101 et seq.) (the "Code"). On September 23, 1997, the Debtors' Chapter 11 proceeding was converted to a case under Chapter 7 of the Code.

2. Following the conversion of the Debtors' Chapter 11 proceeding, the United States Trustee appointed Stephen S. Gray as interim Chapter 7 trustee of the Debtors' estate. On October 27, 1997, at the first meeting of creditors, Joseph I. Schindler was duly elected as the Chapter 7 trustee of the Debtors. On May 5, 1999, Mr. Schindler died, and, on the same date, the Trustee was appointed by the United States Trustee.

3. On December 19, 2003, the Trustee filed the Chapter 7 Trustee's Motion To Establish Bar Date For The Filing Of Claims By The Debtors And The Kehoe Children Against The Trustees And His Representatives (the "Motion To Establish Bar Date"). In the Motion To Establish Bar Date, the Trustee requested the entry of an order establishing a bar date for the filing of any currently existing claims against the Trustee, the former Chapter 7 trustee, or any of the Trustee's Bankruptcy Court appointed representatives, including, the Trustee's counsel, accountant and real estate broker, held by the Debtors or by their adult children, Andrew J. Kehoe, Jr. and Jennifer Kehoe (the "Kehoe Children"). The Motion To Establish Bar Date and the notice of the hearing thereon were duly served on the Debtors, the Kehoe Children, and their respective counsel of record.

4. On February 10, 2004, the Debtors filed their opposition to the Motion To Establish Bar Date in a pleading entitled "Debtors' Oppositional Memorandum To Chapter 7 Trustee's Motion To Establish Claims By The Debtors And The Kehoe Children Against The Trustee And His Representatives" (the "Debtors' Opposition"). The Debtors' Opposition was prepared and filed by Anthony Roland Orlandi, acting as counsel to the Debtors. No other objections

were filed to the Trustee's Motion To Establish Bar Date. On February 10, 2004, the Bankruptcy Court granted the Motion To Establish Bar Date and entered the Order Establishing Bar Date For The Filing Of Claims By The Debtors And The Kehoe Children Against The Chapter 7 Trustee And His Representatives (the "Order Establishing Bar Date"), which Order was entered on the docket on the same date.

5. On March 11, 2004, the Debtors filed their Notice Of Appeal Of The Order Establishing Bar Date with the Bankruptcy Appellate Panel for the First Circuit (the "Bankruptcy Appellate Panel"). The Notice Of Appeal was filed pro se by the Debtors. On March 15, 2004, the Trustee filed his Election To Proceed To District Court wherein he elected to have the Debtors' appeal of the Order Establishing Bar Date heard by this Court. On March 18, 2004, the Bankruptcy Appellate Panel transferred the Debtors' appeal to this Court.

6. On June 1, 2004, the Trustee filed the Motion To Dismiss. In brief, in that motion, the Trustee asserts that the Debtors' appeal should be dismissed because the Debtors failed to timely file their Notice of Appeal, which failure deprived this Court of jurisdiction to hear such appeal. Specifically, the Trustee asserts that the Debtors filed their Notice Of Appeal thirty (30) days after the entry of the Order Establishing Bar Date and, accordingly, twenty (20) days after the ten-day period for the filing of a notice of appeal under Rule 8002(a) of the Federal Rules of Bankruptcy Procedure had expired.

7.      The Trustee's Motion To Dismiss, if allowed, would be dispositive of the within appeal and would obviate the need for the preparation and filing of an appellate brief by the Trustee. This would allow the Debtors' estate to avoid the expense involved in that process and would, therefore, be beneficial to the creditors of the Debtors' estate.

8.      Pursuant to an Order entered by this Court on May 24, 2004, the Debtors' brief was required to be filed on or before June 8, 2004, with the Trustee's brief required to be filed fifteen (15) days thereafter (i.e., on or before June 23, 2004). Subsequently, the Debtors requested and were granted two extensions of time to file their appellant's brief, initially to July 12, 2004, and thereafter to July 29, 2004. On July 29, 2004, the Debtors filed their brief with this Court. Therefore, in accordance with this Court's Order of May 24, 2004, as well as Rule 8009(a) of the Federal Rules of Bankruptcy Procedure, the Trustee's brief is required to be filed on or before August 13, 2004.

9.      As noted above, in the event that the Trustee's Motion To Dismiss were to be allowed, the preparation and filing of the Trustee's brief in this appeal would become unnecessary and the Debtors' estate would avoid the attendant expense involved in that process. Accordingly, the Trustee requests that this Court extend the time for the filing of his appellee's brief until a date at least twenty (20) days from the date that this Court rules upon the Trustee's Motion To Dismiss.

WHEREFORE, the Trustee respectfully requests that this Court enter an order extending the time within which the Trustee may file his appellee's brief until a date at least twenty (20) days after the date this Court rules upon the Trustee's Motion To Dismiss.

                            GARY W. CRUICKSHANK,
                            CHAPTER 7 TRUSTEE

                            By his attorney,

                            */s/ James C. Gross*
                            James C. Gross (BBO #212740)
                            KLIEMAN, LYONS, SCHINDLER & GROSS
                            21 Custom House Street
                            Boston, MA 02110
                            (617) 443-1000

Dated: August 6, 2004

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON 8/6/04

*/s/ James C. Gross*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In Re: )
)
)
ANDREW J. KEHOE AND )   Appeal No. 04-11050-RCL
CATHERINE M. KEHOE, )
)   Bankr. Case No. 96-10559-WCH
Debtors )
)

CERTIFICATION OF CONFERENCE
PURSUANT TO RULE 7.1(A)(2)

Acting pursuant to and in accordance with the provisions of Rule 7.1(A)(2) of the Local Rules of the United States District Court for the District of Massachusetts, the undersigned hereby certifies that he conferred by telephone with one of the appellants, Andrew J. Kehoe, who, together with his wife, Catherine M. Kehoe (collectively, the "Debtors"), are appearing pro se in this appeal, in a good faith attempt to resolve or narrow the issues raised in the Motion Of Appellee, Gary W. Cruickshank, Chapter 7 Trustee, To Extend Time To File Brief (the "Motion To Extend Time"). However, Mr. Kehoe indicated that the Debtors were unwilling to assent to the relief sought in the Motion To Extend Time. Therefore, the undersigned was unsuccessful in attempting to resolve the

issues raised in the Motion To Extend Time.

>GARY W. CRUICKSHANK,
>CHAPTER 7 TRUSTEE
>
>By his attorney,
>
>*[signature]*
>
>James C. Gross (BBO #212740)
>KLIEMAN, LYONS, SCHINDLER & GROSS
>21 Custom House Street
>Boston, MA 02110
>(617) 443-1000

Dated: August 6, 2004

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON [illegible] EACH OTHER PARTY BY MAIL [illegible] ON 8/6/04

*[signature]*

2